**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Joint Administration Pending** |
| Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic; | Case No.: 26-30886 |
| The Medical Group, LLC; | Case No.: 26-30888 |
| North Dakota Dialysis, LLC; | Case No.: 26-30889 |
| Aurora Dialysis, LLC; | Case No.: 26-30890 |
| Kidney Institute of North Dakota, LLC; | Case No.: 26-30891 |
| KDJ Investment Group, LLC; | Case No.: 26-30892 |
| KDJ Properties, LLC, | Case No.: 26-30893 |
| Debtors.[1] | Chapter 11 Cases |

## MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES

1. Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, the "Debtors") hereby file this Motion for an Order Authorizing Joint Administration of Cases (the "Motion"). This Motion should be granted

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' addresses and Employer Identification Numbers (EINs) are as follows: Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (EIN #0821); The Medical Group, LLC (EIN #3765); North Dakota Dialysis, LLC (EIN #3768); Kidney Institute of North Dakota, LLC (EIN #6471); and KDJ Investment Group, LLC (EIN #2199), each located at 5750 S Washington Street, Grand Forks, ND 58201. Aurora Dialysis, LLC (EIN #8084) is located at 1451 44th Avenue South, Suite 104D, Grand Forks, ND 58201, and KDJ Properties, LLC (EIN #1920) is located at 645 Beacon Circle, Grand Forks, ND 58201.

because the Debtors are affiliates, as that term is defined in 11 U.S.C. § 101(2)(B), and joint administration is appropriate and will facilitate the practical administration of the cases and reorganization of each Debtor.

2. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The petitions commencing these Chapter 11 cases were filed on October 16, 2026 (the "Petition Date"). The cases are currently pending before this Court.

4. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015. This Motion is filed under Fed. R. Bankr. P. 9013 and 9014 and Local Rules 9013-1 and 9014-1. Notice of the hearing on this Motion is provided pursuant to the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

5. The Debtors have filed a contemporaneous motion requesting expedited relief pursuant to Fed. R. Bankr. P. 9006(c) and Local Rule 9006-1.

## BACKGROUND

6. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. There is presently no pending request or motion for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed.

7. Further background information about the Debtors and facts related to other first day motions are set forth in the Declaration of Dr. Khaled Rabadi in Support of Chapter 11 Petition and First Day Motions.

8. Federal Rule of Bankruptcy Procedure 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliates, the court may order joint administration of the cases. The term "affiliate" is defined in 11 U.S.C. § 101(2)(B), in relevant part, as follows:

> [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

11 U.S.C. § 101(2)(B).

9. Courts have also found that limited liability companies fall under the definition of "corporation" in 11 U.S.C. § 101(9). *See, e.g.*, *Sherron Assocs. Loan Fund XXI (Lacey), LLC v. Thomas (In re Parks)*, 503 B.R. 820, 827 (Bankr. W.D. Wash. 2013) ("Applying general principles of statutory construction supports the inclusion of L.L.C.s within the definition of 'corporation.'").

10. Each of the Debtors is either owned or controlled by Grand Forks Clinic and Dr. Khaled Rabadi. Accordingly, the Debtors are affiliates, as that term is defined in 11 U.S.C. § 101(2)(B).

11. In these cases, joint administration is appropriate and will facilitate the practical administration of the cases and reorganization of each Debtor. Many of the legal issues likely to arise here will be common to all the Debtors, as the Debtors are similarly structured, with similar creditor constituencies, with some overlap among creditors, and similar assets.

12. Additionally, throughout the Chapter 11 cases, the Debtors intend to file a number of motions, applications, and other pleadings that will apply to all the Debtors' cases. The joint

administration of the cases, including combining notices to creditors of the respective estates and hearing of these matters related to the Debtors at the same time, will promote economical and efficient administration of the estates by avoiding the time and expense associated with Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

13. The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration of these cases, since this Motion requests only administrative consolidation and not substantive consolidation of the Debtors. Each creditor may still file a claim against a particular Debtor's estate. All creditors will benefit from the reduced costs resulting from joint administration. This Court, too, will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Supervision of the administrative aspects of the cases by the United States Trustee will also be simplified.

## RELIEF REQUESTED

14. By reason of the foregoing, the interests of the Debtors and their creditors will be best served by joint administration of the cases, and the Debtors request that the cases be jointly administered, including in the following ways:

15. The Debtors request that these cases be jointly administered under the Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic case (Case No. 26-30886).

16. The Debtors also request that the case caption and court dockets reflect the joint administration. The Debtors propose to use the same case caption as used for this Motion with the additional designation that the cases are jointly administered under the Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic case (Case No. 26-30886).

17. In addition, the Debtors request that the Court order that all filings—except for the Debtors' schedules and statements (and amendments thereto) and proofs of claim—following

entry of an order on this Motion be made only in the Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic case (Case No. 26-30886), unless otherwise directed by subsequent order of this Court.

18. The Debtors also request that a docket entry be made in The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC cases, substantially as follows:

> An order has been entered in this case in accordance with Federal Rule of Bankruptcy Procedure 1015(b) directing the joint administration of the Chapter 11 cases of Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (Case No. 26-30886), The Medical Group, LLC (Case No. 26-30888), North Dakota Dialysis, LLC (Case No. 26-30889), Aurora Dialysis, LLC (Case No. 26-30890), Kidney Institute of North Dakota, LLC (Case No. 26-30891), KDJ Investment Group, LLC (Case No. 26-30892), and KDJ Properties, LLC (Case No. 26-30893). The docket in Case No. 26-30886 should be consulted for all matters affecting this case, and all further filings, except for proofs of claim, should be made only in that case.

## BASIS FOR RELIEF REQUESTED

19. Joint administration of related cases is governed by Fed. R. Bankr. P. 1015. That rule provides:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

20. Joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity, and each creditor's individual rights as to each estate are preserved. *See, e.g.*, *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

21. In these cases, joint administration is appropriate and should be ordered to facilitate the efficient administration of the cases. The Debtors will be acting in unity to undertake significant

and identical actions in the cases, including pursuing a joint plan of reorganization. The Debtors are affiliates, as that term is defined in 11 U.S.C. § 101(2)(B), and share key decision-makers.

22. Joint administration will not inadvertently lead to substantive consolidation, nor will creditors be prejudiced by joint administration of these cases. No creditor of the Debtors will be prejudiced by joint administration of the cases because each creditor will be entitled to assert its separate claim against each of the Debtors. On the other hand, joint administration will provide efficiencies in the administration of the cases, such as by allowing parties to file motions and other pleadings in only one of the cases.

## CONCLUSION

23. For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

24. This Motion is accompanied by a proposed order.

25. Pursuant to Fed. R. Bankr. P. 9006(d), this Motion is supported by the verification of facts in the Affidavit of Khaled Rabadi attached hereto.

26. Pursuant to Local Rule 9014-1(B), the Debtors hereby give notice that they may, if necessary, call Khaled Rabadi, the owner of the Debtors, whose business address is 5750 S Washington Street, Grand Forks, ND 58201, to testify regarding the facts set forth in the Motion.

27. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

A. Authorizing the joint administration of the Debtors' bankruptcy cases; and

B. Granting such other relief as the Court deems just and equitable.

Dated: October 19, 2026

*/e/ Steven R. Kinsella*
Steven R. Kinsella (#09514)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
skinsella@fredlaw.com

Austin A. Eggl (#09672)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
(701) 237-8200
aeggl@fredlaw.com

**PROPOSED ATTORNEYS FOR DEBTORS**

**AFFIDAVIT**

I, Dr. Khaled Rabadi, am the owner of Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC, and I declare under penalty of perjury that the facts set forth in the preceding Motion for Order Authorizing Joint Administration of Cases are true and correct, according to the best of my knowledge, information, and belief.

Dated: October 19, 2026

Signed: DocuSigned by: Khaled Rabadi
56D59FC25E1A448...
Dr. Khaled Rabadi

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

| | |
|---|---|
| Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, | Case No.: 26-30886 |
| The Medical Group, LLC, | Case No.: 26-30888 |
| North Dakota Dialysis, LLC, | Case No.: 26-30889 |
| Aurora Dialysis, LLC, | Case No.: 26-30890 |
| Kidney Institute of North Dakota, LLC, | Case No.: 26-30891 |
| KDJ Investment Group, LLC, and | Case No.: 26-30892 |
| KDJ Properties, LLC, | Case No.: 26-30893 |
| | Chapter 11 Cases |
| Debtors. | |

---

**ORDER GRANTING MOTION**
**AUTHORIZING JOINT ADMINISTRATION OF CASES**

---

Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, the "Debtors") filed a Motion for an Order Authorizing Joint Administration of Cases (the "Motion"). The Court held a hearing on October 23, 2026. Based upon the record, the Court finds that the Debtors are affiliated, and that joint administration of the Debtors' estates does not appear to create conflicts of interest or harm creditors. Based on the record, it is also apparent that joint administration will save time and expense. Accordingly, the Court finds cause for jointly administering these cases.

**THEREFORE, IT IS ORDERED** that the Debtors' Motion is **GRANTED.**

In re Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (Case No. 26-30886) is designated the lead case. All documents must be filed in the lead case, except for each Debtor's schedules and statements (and amendments to them) and proofs of claim. Each Debtor must maintain its own claim register, and all proofs of claim must be filed in the appropriate case.

All parties must use the following caption:

| | |
|---|---|
| In re:<br><br>Kidney and Hypertension Center, PLC d/b/a<br>Grand Forks Clinic,<br>The Medical Group, LLC,<br>North Dakota Dialysis, LLC,<br>Aurora Dialysis, LLC,<br>Kidney Institute of North Dakota, LLC,<br>KDJ Investment Group, LLC, and<br>KDJ Properties, LLC,<br><br>Debtors. | **Jointly Administered**<br><br>Case No.: 26-30886<br>Case No.: 26-30888<br>Case No.: 26-30889<br>Case No.: 26-30890<br>Case No.: 26-30891<br>Case No.: 26-30892<br>Case No.: 26-30893<br><br>Chapter 11 Cases |

A docket entry shall be made in The Medical Group, LLC (Case No. 26-30888), North Dakota Dialysis, LLC (Case No. 26-30889), Aurora Dialysis, LLC (Case No. 26-30890), Kidney Institute of North Dakota, LLC (Case No. 26-30891), KDJ Investment Group, LLC (Case No. 26-30892), and KDJ Properties, LLC (Case No. 26-30893), substantially as follows:

> An order has been entered in this case in accordance with Federal Rule of Bankruptcy Procedure 1015(b) directing the joint administration of the Chapter 11 cases of Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (Case No. 26-30886), The Medical Group, LLC (Case No. 26-30888), North Dakota Dialysis, LLC (Case No. 26-30889), Aurora Dialysis, LLC (Case No. 26-30890), Kidney Institute of North Dakota, LLC (Case No. 26-30891), KDJ Investment Group, LLC (Case No. 26-30892), and KDJ Properties, LLC (Case No. 26-30893). The docket in Case No. 26-30886 should be consulted for all matters affecting this case, and all further filings, except for proofs of claim, should be made only in that case.

Dated:

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT